UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KENNETH R. SCHNITZ, ) | |
| ) | |
| Plaintiff ) | |
| ) | CAUSE NO. 3:06-CV-200 RM |
| vs. ) | |
| ) | |
| AARON ROVENSTINE, ) | |
| ) | |
| Defendant ) | |

OPINION AND ORDER

Kenneth R. Schnitz, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In

reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Schnitz alleges that,

> On August 13, 2005, approximately 10:00 p.m., myself and other individuals were removed from the holding cell due to overcrowding. I was the only one placed in the disciplinary segregation block (F) which is on a lock-down status for 23 hours a day. I was an unsentenced individual and was not a disciplinary problem. I was placed in a cell with a known violent offender (Mr. Jansma) who had beaten two other inmates and was not suppose to have anyone as a cellmate. This individual was also taking medication for Hepatitis.
> I was denied use of a cell block telephone after several requests. Phones are available for use by other inmates in all the other cell blocks. I was also denied free movement throughout the cell block as other inmates in other cellblocks are allowed to do when not locked down for the night.
> Each jailer that made rounds for count or delivered our meals stated that I was not suppose to be in this block or in this particular cell.

Complaint at 3-4, docket # 1. Mr. Schnitz alleges that he spent 26 hours in this cell before he was released on his own recognizance.

Pre-trial detainees may not be punished without due process of law. Bell v. Wolfish, 441 U.S. 520 (1979). A pre-trial detainee is entitled to the procedural protections of Wolff v. McDonnell, 418 U.S. 539 (1974), before imposition of punishment for a disciplinary infraction. Nevertheless, not every placement of a pre-trial detainee in segregation constitutes punishment, and the segregation of a pre-trial detainee for legitimate security reasons without a hearing does not violate due process. Zarnes v. Rhodes, 64 F.3d 285, 291

n.5 (7th Cir. 1995). Mr. Schnitz alleges that he was temporarily in segregation because of overcrowding, not for punishment. Though he was denied various privileges while in segregation, the loss of those privileges was not punishment, it was merely incidental to his confinement in segregation. The legitimate security needs of the jail required that space be found for every inmate even though the jail was full. Because he was not being punished, he was not entitled to due process before he was placed in segregation. Though Mr. Schnitz objects to having been selected for segregation, his brief placement there did not deprive him of his Constitution rights.

Mr. Schnitz also alleges that he was in fear of his cellmate while in segregation. He does not allege and based on this complaint it would not be reasonable to infer, that his cellmate actually attacked him. Fear of an attack that never occurs does not state a claim. Doe v. Welborn, 110 F.3d 520, 523-524 (7th Cir. 1997).

Finally, Mr. Schnitz alleges that he had to place his bed pad on the floor to sleep. Though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. Palmer v. Marion County, 327 F.3d 588, 593 (7th Cir. 2003). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively,

whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter, Farmer at 832, but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations. Adams v. Pate, 445 F.2d 105, 108-109 (7th Cir. 1971). Putting his bed pad on the floor rather than the bunk may have been inconvenient and unpleasant, but it did not deprive Mr. Schnitz of the minimal civilized measure of life's necessities.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. §1915A.

SO ORDERED.

ENTERED: July  31 , 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court